FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA PAUL THOMPSON,<br><br>Defendant. | No.  2:21-cr-00084-SMJ<br><br>**ORDER REJECTING PLEA AGREEMENT AND RESETTING SENTENCING** |

On June 2, 2022, the Court convened the parties for a sentencing hearing in this matter. Defendant Joshua Paul Thompson, defense counsel, and counsel for the Government appeared by videoconference with Defendant's consent. At the hearing, the Court rejected the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, advised Defendant of his right to withdraw his guilty plea given that the Court was not required to follow the plea agreement, and advised Defendant that if the plea was not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the plea agreement contemplated. *See* Fed. R. Crim. P. 11(c)(1)(C)(5). Given this, the Court also offered that Defendant could confer with his attorney and/or move to continue the sentencing hearing. After so advising Defendant, the Court recessed the hearing and permitted Defendant to

ORDER REJECTING PLEA AGREEMENT AND RESETTING SENTENCING – 1

confer privately with his attorney.

Upon reconvening the hearing, Defendant notified the Court that he was unable to make a decision regarding withdrawal at that time. The Court confirmed with Defendant that the sentencing would not proceed forward today until Defendant had an ample opportunity to discuss the consequences in person with his defense counsel, and defense counsel asked for the sentencing hearing to be continued to a later date to provide an opportunity to meet with the Defendant. This Order memorializes and supplements the Court's oral ruling concerning the rejection of the parties' plea agreement.

Based on its review of this case and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that the plea agreement's contemplated sentence is less than necessary, and therefore insufficient, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, **ECF No. 27**, is **REJECTED**.

//

//

//

ORDER REJECTING PLEA AGREEMENT AND RESETTING SENTENCING – 2

2. The sentencing hearing in this matter is **SET** for **June 30, 2022** at **10:00 A.M.** in **SPOKANE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 8th day of June 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER REJECTING PLEA AGREEMENT AND RESETTING SENTENCING – 3